# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-893V
UNPUBLISHED

| | |
|---|---|
| FRANK MARES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2021<br><br>Motion for decision; Dismissal; Tdap Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On February 8, 2021, Frank Mares filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Mares alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from a tetanus, diphtheria, acellular pertussis (Tdap) vaccine he received on December 16, 2020. ECF no. 1.

On August 27, 2021, Mr. Mares filed a motion for a decision dismissing the petition. For the reasons set forth below, Mr. Mares' motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Mr. Mares alleged that he suffered a shoulder injury from a Tdap vaccination but did not otherwise detail any of his symptoms or medical treatment. ECF

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Case 1:21-vv-00893-UNJ   Document 14   Filed 10/26/21   Page 2 of 2

No. 1. Aside from a declaration, Mr. Mares did not submit any medical records or other supporting documentation with the petition.

The February 11, 2021 PAR Initial Order required Mr. Mares to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. On August 27, 2021, Mr. Mares filed some medical records covering post-vaccination treatment through February 2021. Exhibit 3.

On the same date, Mr. Mares filed a motion for a decision dismissing the petition stating that "After further investigation, the facts and science supporting his case have demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 9.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Mares alleged that he sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Table Injury, among other requirements, a petitioner must establish with supporting documentation the severity requirement, that he either suffered the effects of this injury for at least six months or the injury resulted in inpatient hospitalization and surgical intervention. § 300aa—11(c)(1). Mr. Mares did not file sufficient medical records to establish the severity requirement. Moreover, Mr. Mares admitted in the motion for a decision that he will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.³**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

³ If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."

2